IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert G. Spillane, ) | Civil Action No. 2:12-3640-DCN-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Low Country Harley-Davidson, Inc., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the defendant's partial motion to dismiss the plaintiff's claims for breach of contract and pursuant to the South Carolina Human Affairs Law. [Doc. 5.] The plaintiff has agreed to the dismissal of the South Carolina Affairs Law claim. [Doc. 10 at 5.] The Court, therefore, will address the motion only as to the breach of contract claim.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The defendant is a Harley-Davidson dealer that sells, services and provides parts for motorcycles out of its facility in Charleston, South Carolina. The plaintiff began working for the defendant as a service technician, on or about August 4, 2010. (Compl. ¶¶ 11, 16).

After working for the defendant for a little over a year, the plaintiff alleges that he applied for a promotion/transfer to a service writer position but was denied that transfer/promotion, on or about October 1, 2011 due to his age. (Compl. ¶¶ 17-22). The plaintiff further alleges that he was wrongfully terminated due to his age, on or about October 15, 2011. (Compl. ¶¶ 25-27).

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

2

(quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The defendant has moved for dismissal of the plaintiff's claim for breach of contract. South Carolina law provides that "termination of an at-will employee normally does not give rise to a cause of action for breach of contract." *Conner v. City of Forest Acres*, 560 S.E.2d 606, 610 (S.C. 2002); *Williams v. Riedman*, 529 S.E.2d 28, 32 (S.C. Ct. App. 2000). It is undisputed that the plaintiff's employment was at-will. As is typical, however, the plaintiff would argue that the at-will status has been modified through promises, of the defendant, made in its handbook.

Under certain circumstances, it is true, that an at-will employment arrangement can be modified by an oral promise, *see Prescott v. Farmers Tel. Co-op., Inc.*, 516 S.E.2d 923, 926 (S.C. 1999), or by "[m]andatory, progressive discipline procedures . . .," set out in a handbook or policy, for instance. *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 698 (S.C. 2005).

In response on motion to dismiss, the plaintiff has identified only one basis for possible contract. Specifically, the plaintiff contends that the defendant breached a contractual promise in the form of its written Equal Opportunity policy against discrimination contained in its employee handbook. (Compl. Ex. A at 5, 10-12.) Like many such employee handbooks, the language emphasizes the defendant's commitment to guard against harassment in the work place. *Id.* The plaintiff contends that his termination was somehow a violation of that commitment. (Compl. ¶ 48.)

3

But, as a matter of law, generalized harassment and anti-discrimination policies in a handbook do not constitute implied employment contracts. *See Eady v. Veolia Transp. Servs., Inc.*, 609 F. Supp.2d 540, 560 (D.S.C. 2009) (granting summary judgment for employer on breach of implied contract claim and holding that, "This Court previously has held that the defendant's nondiscrimination policy 'does not constitute a promise altering the at-will employment relationship and giving rise to a breach-of-contract claim.' . . . The non-discrimination language in the defendant's Handbook will not sustain the plaintiff's cause of action for breach of contract."); *Fyall v. ATC/Ancon of South Carolina, L.P and Nat'l Express Corp.*, 2005 WL 2656962, at *4 (D.S.C. October 18, 2005.). They are too indefinite. *See id.*

Even the language the plaintiff emphasizes as mandatory is plainly not. For instance, the handbook states: "LCHD reserves the right to determine appropriate disciplinary action, up to and including discharge. Depending on the circumstances, LCHD generally will consider the following types of disciplinary action: verbal reprimand, written reprimand, suspension from employment without pay; demotion; termination of employment." (Compl. Ex. A at 20.) By its plain language, discipline is discretionary and not "[m]andatory, progressive" procedure. *See Hessenthaler*, 616 S.E.2d at 698. The Court does not understand what the plaintiff views as the breached and predicate provision.

The plaintiff has not anticipated this point but instead mostly argues concerning whether the disclaimer language in the handbook is sufficient. And, while the plaintiff is

4

right that whether or not a handbook disclaimer is sufficiently conspicuous to disclaim the entire handbook, as a contract, may create issues of fact for a jury, *id.* at 697, that argument presupposes that the plaintiff has identified some promise within the handbook that, were the handbook itself deemed a contract, could be enforced. As stated, however, generalized anti-discrimination policies have been rejected as enforceable promises, regardless of whether the handbook has otherwise been properly disclaimed, as a whole.

In other words, whether or not the handbook was properly disclaimed as a contract is of no moment. Even if it were not properly disclaimed, the plaintiff has not identified any provision of the Handbook that can be considered as having been breached. The Equal Opportunity or anti-harassment language is not a legal promise.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion to dismiss [Doc. 5] should be GRANTED and the plaintiff's claims for breach of contract and pursuant to the South Carolina Human Affairs Law should be dismissed *with prejudice*.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 19, 2013
Charleston, South Carolina.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).